IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CARL R. CANTRELL                                                                                          PLAINTIFF

        v.                    Civil No. 3:12-cv-03051-JRM

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration                                                                  DEFENDANT

**MEMORANDUM OPINION**

**I.**     **Factual and Procedural Background**

Plaintiff, Carl R. Cantrell, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act ("the Act"). 42 U.S.C. § 1381a.

Plaintiff protectively filed his application on April 13, 2010, alleging disability as of April 13, 2010, due to chronic back pain, high blood pressure, heart problems, breathing difficulties, and pain and numbness in his legs. Tr. 11, 131, 137. On the application date, Plaintiff was forty-six years old, a younger-aged individual, with a tenth grade education. Tr. 22, 138. Plaintiff has past relevant work as a semi-truck driver, logger, heavy equipment operator, delivery truck driver, and sawmill laborer. Tr. 22, 228.

Plaintiff's application was denied at the initial and reconsideration levels. Tr. 70-72, 80-81. At Plaintiff's request, an administrative hearing was held on January 13, 2011. Tr. 29-56. The ALJ rendered an unfavorable decision on March 3, 2011, finding Plaintiff was not disabled under the Act. Tr. 8-23. Subsequently, the Appeals Council denied Plaintiff's Request for Review on February 24,

2012, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. On April 9, 2012, Plaintiff filed the present action with this court, seeking judicial review of the Commissioner's unfavorable decision. ECF No. 1.

II.     **Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits his physical or mental ability to perform basic work activities;

(3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform his past relevant work; and (5) if the claimant cannot perform his past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given his age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since April 13, 2010, the application date. Tr. 13. At step two, the ALJ found Plaintiff suffers from the following severe impairments: diabetes mellitus, degenerative disc disease and osteoarthritis of the lumbar spine, hypertension, obstructive sleep apnea, morbid obesity, organic brain dysfunction, and depression. Tr. 13. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 13-16.

At step four, the ALJ found Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except he could only occasionally climb, balance, crawl, kneel, stoop, and crawl. Tr. 16-22. Additionally, the ALJ determined Plaintiff would be limited to work in which interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment required, and the supervision required is simple, direct, and concrete. Tr. 16-22.

With these limitations, the ALJ found Plaintiff could not perform any of his past relevant work. Tr. 22. However, after consulting a vocational expert, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[1] Accordingly, the ALJ determined Plaintiff was not under a disability from April 13, 2010, the application date, through March 3, 2011, the date of the administrative decision. Tr. 23.

**IV.    Discussion**

On appeal, Plaintiff contends the ALJ erred by: (A) failing to find his chronic obstructive pulmonary disease ("COPD") and right knee pain to be severe; (B) improperly weighing the medical evidence in determining Plaintiff's RFC; and (C) failing to properly employ the medical-vocational rules to determine Plaintiff is unable to make an adjustment to other work in the national economy given his education and past relevant work experience. *See* Pl.'s Br. 12-21. The Commissioner counters that substantial evidence supports the ALJ's determination. *See* Def.'s Br. 4-13. For the following reasons, the court finds that substantial evidence does not support the ALJ's determination.

At the fourth step of the evaluation, a disability claimant has the burden of establishing his RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual

---

[1] The ALJ determined Plaintiff could perform the requirements of representative sedentary, unskilled occupations such as helpers-production workers, of which there are 185 jobs in Arkansas and 6,000 jobs nationally, production workers, of which there are 500 jobs in Arkansas and 27,000 jobs nationally, and hand packers/packagers, of which there are 200 jobs in Arkansas and 20,000 jobs nationally. Tr. 23, 233-234.

functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

Following the ALJ's unfavorable hearing decision, Plaintiff submitted additional evidence to the Appeals Council, which consisted of a letter from Plaintiff's treating physician, Paul Wilbur, M.D. Tr. 598. This letter was admitted into evidence and made a part of the administrative record on appeal. Tr. 4-5. After reviewing the record, including the newly admitted evidence, the Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-3.

Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir. 1990). Once it is clear that the Appeals Council has considered newly submitted evidence, the court does not evaluate the Appeals Council's decision to deny review. Instead, the court's role is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the hearing determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992), and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). Of necessity, this means the court must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

After reviewing the evidence of record, including Dr. Wilbur's letter, the undersigned cannot conclude that substantial evidence supports the ALJ's decision. In Dr. Wilbur's July 19, 2011 letter, he noted that Plaintiff had been a patient at Mountain Home Christian Clinic since February 2009 and suffers from the following conditions: obesity, diabetes mellitus, secondary hypertension, heart disease, COPD, and chronic depression. Tr. 598. Dr. Wilbur further stated that, in his opinion, Plaintiff is "unable to perform any useful employment task and is permanently disabled." Tr. 598.

Medical source opinions that a claimant is disabled are not the kind of opinions entitled to controlling weight. *Ellis v. Barnhart,* 392 F.3d 988, 994 (8th Cir. 2005). However, given the severe findings of both consultative physicians in this case, the undersigned cannot conclude that the ALJ would have reached the same conclusion if he had the benefit of reviewing Dr. Wilbur's letter in conjunction with the other medical evidence of record.

Notably, Dr. Wilbur was the only *treating* physician to render an opinion in the instant case. Moreover, even the consultative physicians, Drs. Brownfield and Bunting, assessed severe physical and mental restrictions. Dr. Brownfield assessed globally severe physical limitations secondary to pain and depression, severe exertional limitations, and moderate to severe limitations regarding prolonged positioning, stooping, kneeling, and lifting. Tr. 515, 525. Dr. Bunting found that Plaintiff had little capacity to cope with the typical cognitive demands of basic work-like tasks, a limited ability to sustain concentration on basic tasks, and little capacity to complete tasks within an acceptable period of time due to his poor concentration, pain level, and fatigue. Tr. 532. While Dr. Bunting questioned Plaintiff's veracity to a certain extent, she found no symptoms of malingering and noted that Plaintiff appeared to be open and honest. Tr. 532.

Given the significant limitations assessed by both consultative physicians in addition to Dr. Wilbur's findings, the undersigned cannot conclude that substantial evidence supports the ALJ's determination as a whole. Accordingly, the present action is remanded for further development of the evidence concerning Plaintiff's RFC. On remand, the ALJ should seek to obtain an RFC assessment from Dr. Wilbur, Plaintiff's treating physician at Mountain Home Christian Clinic, with detailed objective findings regarding Plaintiff's functional abilities. Once this RFC assessment is completed, the ALJ should reassess Plaintiff's RFC, based on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of his own limitations, and issue a new decision. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

### V.     Conclusion

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 6th day of September 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE